*This opinion is nonprecedential except as provided by Minn. R. Civ. App. P. 136.01, subd. 1(c).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A23-1168**

In re the Marriage of:
Valentin Arkadievich Povarchuk, petitioner,
Appellant,

vs.

Rebecca Joyce Povarchuk,
Respondent.

**Filed March 11, 2024
Affirmed
Reilly, Judge**[*]

Dakota County District Court
File No. 19AV-FA-16-382

Valentin Povarchuk, Eagan, Minnesota (pro se appellant)

John DeWalt, Melissa Chawla, DeWalt, Chawla + Saksena, LLC, Minneapolis, Minnesota (for respondent)

Considered and decided by Wheelock, Presiding Judge; Schmidt, Judge; and Reilly, Judge.

**NONPRECEDENTIAL OPINION**

**REILLY**, Judge

In this parenting dispute, appellant-father challenges the district court's order denying his motion to modify custody and parenting time, arguing that the district court

---

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

(1) should not have ordered the parties to consult with a parenting consultant; (2) should not have delegated parenting-time decisions to a parenting consultant or the minor child; (3) relied on findings of fact supported only by inadmissible hearsay statements to deny his motion; and (4) failed to make adequate factual findings to support its determination that father is a frivolous litigant. Because any errors were not prejudicial, we affirm.

**FACTS**

The 2016 stipulated judgment dissolving the marriage of appellant Valentin Arkadievich Povarchuk (father) and respondent Rebecca Joyce Povarchuk (mother) awarded the parties joint legal and joint physical custody of their two children and established a parenting plan. Since then, the parties have returned to court to litigate many issues, including custody, parenting time, child support, and the decisions of a parenting consultant. In June 2022, the district court issued a stipulated order that modified the parenting-time provision of the parenting plan. In December 2022, father filed a motion seeking modification of the parenting-time schedule. The district court denied that motion in December 2022, determining that the motion was premature under Minn. Stat. § 518.18(b)-(c) (2022) because less than two years had passed since the June 2022 order, there was no evidence that mother had willfully denied or interfered with parenting time, and there was no showing of endangerment. We affirmed. *Povarchuk v. Povarchuk*, No. A23-0208 (Minn. App. Oct. 2, 2023).

On March 18, 2023, the parties' then 13-year-old son left father's house during father's parenting time. Mother picked up the child and did not immediately return him to father. On March 20, 2023, father filed a motion in district court requesting a change in

2

custody and modification of the parenting-time schedule, arguing that mother had "willfully and persistently interfered with his parenting time" with their son. Mother filed a responsive motion seeking a temporary parenting-time schedule and a requirement that father "provide proof that he has complied with the order to meet with [the parties' parenting coach] first to obtain resolution and that [the parenting coach's] recommendation is that [father's] motion to change parenting time is in the children's best interests."

In May 2023, the district court denied father's motion and granted mother's motion, finding that: (1) mother did not willfully and persistently interfere with father's parenting time and that there were no exceptional circumstances that would justify modification pursuant to Minn. Stat. § 518.18(b)-(c); and, alternatively, (2) modification is not in the best interests of the child. The order stated, "[Father] shall not bring another motion for custody and parenting time without first consulting with, and receiving approval from, the parties' parenting coach and the Court."

Father brought a motion for amended findings, which the district court denied in July 2023. The order denying amended findings clarified:

> The Court is not making a finding that [father] is a frivolous and vexatious litigant at this time, contrary to [father's] assertion that he has been labeled as such. The Court wishes to emphasize the fact that [father and mother] have both brought motions before the Court in the recent procedural history of this case which could have been mediated outside of Court pursuant to the Parties' stipulation in their Judgment and Decree, as well as subsequent agreement of the parties (June 2022 stipulation).

Father appeals.

**DECISION**

**I.   The district court did not abuse its discretion by ordering the parties to consult with a parenting coach/consultant.**

Father argues that the district court abused its discretion by ordering the parties to engage with a parenting consultant. The district court's order states:

> The parties . . . shall go to and consult with a parenting coach/consultant. The parties have 14 days from the date of this order to find and mutually agree to a parenting coach/consultant. Once an agreement has been made, the parties shall contact and inform the undersigned Judge's law clerk(s).

Father acknowledges that the parties "already have a joint parenting coach, and neither party objects to working with this parenting coach." Mother agrees that the parties work with a parenting coach and that it would be erroneous for the district court to require the parties to utilize a parenting consultant in the absence of an agreement to do so. Further, father's motion for amended findings requested language directing the parties to "continue to work with their parenting coach."

Against this backdrop, we understand the district court's order to require the parties to consult with a parenting coach or, if they agree to do so, a parenting consultant. Because father does not object to working with a parenting coach, he has not shown that he is prejudiced by the district court's use of "parenting coach/consultant" in its order, any error is harmless and thus not a basis for reversal. Minn. R. Civ. P. 61 (requiring harmless error to be ignored); *see also Loth v. Loth,* 35 N.W.2d 542, 546 (Minn. 1949) (stating that "error without prejudice is not ground for reversal" (quotation omitted)).

4

**II.** **The district court did not abuse its discretion by ordering the parties to work with their parenting coach and minor son in the determination of a parenting-time schedule.**

Father contends that the district court abused its discretion because, by "granting the minor child and a parenting consultant rights to determine a parenting-time schedule," it "misapplie[d] the law regarding how a parenting-time schedule should be determined." The district court's order states:

> [Father's] parenting time moving forward shall be limited, as this is in the best interests of the minor child. Determination of a permanent schedule moving forward will be up to the parties, a parenting consultant, and their minor son.

Father argues that the district court misapplied the law by delegating decision-making to the child and by requiring the involvement of a parenting consultant when the parties have not agreed to work with one at this time. As explained above, we interpret the order to require the parties to work with a parenting coach *or* a parenting consultant, and father does not object to working with a parenting coach.

Further, we are not persuaded that the district court delegated decision-making to the minor child. Rather, the district court ordered the parties to include the child in the parties' determination of the parenting-time schedule. When considering the best interests of a child for purposes of determining custody and parenting time, the district court must consider and evaluate all relevant factors, including "the reasonable preference of the child, if the court deems the child to be of sufficient ability, age, and maturity to express an independent, reliable preference." Minn. Stat. § 518.17, subd.1(a)(3) (2022); *see Ross v. Ross*, 477 N.W.2d 753, 756 (Minn. App. 1991) ("The choice of an older teenage child is

an overwhelming consideration in determining the child's custody."); *In re Welfare of Child of J.R.R.*, 943 N.W.2d 661, 669 (Minn. App. 2020) (stating that "[t]he custodial wishes of a 15-year-old child are a relevant factor to be considered and evaluated" in determining the child's custody). Father has not shown that the district court misapplied the law or abused its discretion by requiring the parties to consider the child's preference in setting a parenting-time schedule.

### III. Any error in the district court's factual findings supporting an alternative ground to deny father's motion was harmless.

Father contends that the district court's "decision to deny [his] custody and parenting time motion" must be reversed because it is "founded on improper findings of fact" which are supported only by "unreliable and inadmissible hearsay statements" that were admitted over his objection. We are not persuaded.

The district court denied father's motion on two independent grounds: the motion was barred by the two-year restriction in Minn. Stat. § 518.18(b), and alternatively, granting the motion was not in the best interests of the child.

The district court correctly determined it had been less than two years since the December 2022 disposition of father's last motion to modify parenting time. Father notes that he brought his motion in March 2023 "due to [mother's] persistent interference with parenting time," but does not argue on appeal that the district court erred in determining that the two-year restriction in Minn. Stat. § 518.18(b) barred father's motion. Because the time restriction in Minn. Stat. § 518.18(b) provides a sufficient basis to affirm the denial of father's motion, we need not address father's hearsay challenge to the district court's

6

alternative basis for denial. An error without prejudice is not a ground for reversal. Minn. R. Civ. P. 61; *Loth*, 35 N.W.2d at 546.

## IV. The district court clarified that it did not make a finding that father was a frivolous litigant subject to filing restrictions.

Father contends that the district court erroneously imposed preconditions on service or filing of motions without following the procedures and requirements of Minn. R. Gen. Prac. 9. "Subject to the conditions stated in Rules 9.01 to 9.07," a district court may enter an order "imposing preconditions on a frivolous litigant's service or filing of any new claims, motions or requests." Minn. R. Gen. Prac. 9.01. "In determining whether to . . . impose sanctions," a district court must consider seven factors enumerated in rule 9.02(b), and it may also "consider any other factors relevant to the determination of whether to . . . impose sanctions." Minn. R. Gen. Prac. 9.02(b). If a district court "determines that a party is a frivolous litigant" and that "sanctions are appropriate," it must state on the record "its reasons supporting that determination." *Id.* 9.02(c). "An order imposing preconditions on serving or filing new claims, motions, or requests shall only be entered with an express determination that no less severe sanction will sufficiently protect the rights of other litigants, the public, or the courts." *Id.*

Father challenges preconditions in the district court's May 2, 2023 order but does not address the district court's clarification in its July 27, 2023 order that the district court "is not making a finding that [father] is a frivolous and vexatious litigant at this time" and that the parties have "both brought motions . . . which could have been mediated outside of Court pursuant to" the judgment and decree and June 2022 stipulation. We construe the

7

district court's July 27, 2023 order to limit the filing preconditions in the May 2, 2023 order to consultation with the parties' parenting coach before bringing a subsequent motion. And we express no opinion as to whether either party would qualify as a frivolous litigant were the district court to consider that question through the procedures laid out in rule 9.

**Affirmed.**